(105 So. 285)

No. 26993.

## MANIFEST LUMBER CO. v. THORSELL.

(June 22, 1925.    Rehearing Denied July 13, 1925.)

*(Syllabus by Editorial Staff.)*

1. Brokers ⚖️8(3)—Evidence held insufficient to show that defendant, sued for conversion of money, was plaintiff's broker.

In action for conversion of money alleged to have been appropriated by defendant while acting as plaintiff's broker in sale of lumber, evidence *held* insufficient to show that defendant was plaintiff's broker.

2. Brokers ⚖️8(3)—On failure of plaintiff, suing for conversion of money by broker, to establish case by preponderance of evidence, dismissal thereof held proper.

In action for conversion of money, on theory that defendant wrongfully appropriated money while acting as plaintiff's broker in sale of lumber, burden was on plaintiff to establish alleged contractual relation, and on failure to do so by preponderance of proof, action was properly dismissed.

Appeal from Ninth Judicial District Court, Parish of Rapides; J. A. Williams, Judge.

Action by the Manifest Lumber Company against J. E. Thorsell. From a judgment of dismissal, plaintiff appeals. Affirmed.

Thornton, Gist & Richey and Peterman, Dear & Peterman, all of Alexandria, for appellant.

Blackman & Overton, of Alexandria, for appellee.

BRUNOT, J. The Manifest Lumber Company, of which A. D. Flowers was the sole owner when the petition in this case was filed, sued the defendant for $25,000. Recovery is sought upon the allegation that the defendant wrongfully and illegally appropriated moneys belonging to plaintiff while acting as plaintiff's broker in the sale of its lumber. While the suit was pending in the district court, A. D. Flowers sold and assigned his interest therein to S. B. Haynes, and thereafter, from an adverse judgment, the plaintiff appealed.

A number of pleadings, exceptions, etc., were filed in the court a qua, and a voluminous record was made; but, as plaintiff's right to recover is contingent upon a finding of fact, viz. whether defendant was plaintiff's broker in the sale of its lumber, we may, for the moment, dismiss consideration of all other matters.

From the record it appears that on June 18, 1921 (the letter bears date of 1920, but

it is admitted that the year was 1921), defendant confirmed a verbal agreement by addressing a letter to C. A. Hudson, N. L. Hudson, C. W. Smith, A. D. Flowers, and W. M. Taylor, in which he proposed to lend certain money to the individuals named, to make advances to them from time to time for the operation of a sawmill, to become broker for the entire product of the mill, and, as compensation for the advances to be made and the services to be rendered, he was to receive a brokerage fee of 8 per cent. and a 2 per cent. deductible discount on cash remittances. This proposal was accepted by all parties except N. L. Hudson, but nothing appears to have resulted from it. During the following month the Manifest Lumber Company, a copartnership composed of A. D. Flowers, W. M. Taylor, and C. A. Hudson, was formed. It does not appear that the defendant entered into any contract with the Manifest Lumber Company, but for a few weeks, or until the latter part of September, 1921, defendant made advances to that company and disposed of a portion of its manufactured product as a broker, in the manner and for the consideration named in the proposal made to C. A. Hudson and others in the letter written by him on June 18, 1921. This was doubtless done under an implied understanding. About two months after the organization of the Manifest Lumber Company the partnership was terminated by the retirement of W. M. Taylor and C. A. Hudson. A. D. Flowers therefore became the sole owner.

About the 1st of September, 1921, Flowers formed a new partnership, under the same name, by selling an undivided one-third interest in the assets of the company to T. C. Lincecum and a like interest to M. A. Walker. Walker was an experienced sawmill operator, and he was made general manager of the concern. A. D. Flowers formally notified the defendant of the change in the personnel of the company and of Walker's powers as general manager to contract for and to, direct and manage all of the affairs of the company. Defendant contends that in the latter part of September, 1921, Walker, upon his own initiative, and as the representative of plaintiff, company, entered into an oral agreement with defendant, wherein it was understood by both parties to the agreement that thereafter the defendant should become a buyer of the plaintiff's lumber, submitting prices therefor f. o. b. mill at Rhinehart, with the right reserved to plaintiff to accept or reject any of defendant's orders, and that, by reason of defendant continuing to finance the business, he was not to forego the 8 per cent. commission, nor the 2 per cent. deductible for cash remittances.

[1] The defendant's books show that, after the date of the alleged agreement, the business relations between the parties were conducted in accordance therewith, and J. E. Thorsell, the defendant, and M. A. Walker, the plaintiff's manager, testify that they entered into the alleged agreement.

The plaintiff seeks to weaken the force of this testimony by offering proof that defendant made admissions out of court at variance with his sworn testimony and that defendant on cross-examination refused to admit or deny that he had made the statements attributed to him. If the defendant was relying upon his own books and upon his own testimony alone to establish the alleged agreement, there would be merit in plaintiff's contention, but the manager of the plaintiff company corroborates the defendant. He testified that he was a party to and represented the plaintiff in reaching the agreement; that he suggested the agreement, and he gave a good reason for so doing. Under this state of the proof plaintiff has failed to establish a fact, which he is required to establish as a condition precedent to his right to recover from the defendant.

[2] Plaintiff's action is based upon a certain alleged contractual relation. The burden is upon it to establish that relation. It has signally failed to do so by a preponderance of the proof, as the law requires, and the district judge properly dismissed the suit. This conclusion obviates the necessity of a further review of the record, except to say that defendant offered proof to show that agreements such as the one testified to by Thorsell and Walker are not unusual, and that plaintiff's demand grows out of the transactions had after that agreement was entered into.

For these reasons, the judgment appealed from is affirmed, at appellant's cost.

O'NIELL, C. J., absent.